■ RELIANCE INSURANCE COMPANY et al., Appellants, v AMERICAN ELECTRIC POWER COMPANY, INC., Respondent. [654 NYS2d 9] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 29, 1996, after a nonjury trial, dismissing plaintiff insurers' complaint in an action for reformation of certain insurance policies, unanimously affirmed, with costs.

The objective manifestations of the parties' intentions expressed in documents consisting of prior insurance policies, the description of coverage requested in the brokers' submissions, and the binders and policies ultimately issued, all of which describe coverage in exactly the same terms, to wit, blanket coverage, completely undermine plaintiffs' claim that the binders and policies as written are mistaken as to coverage, and should be reformed on the ground of mutual mistake (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 573-574). Nor is reformation warranted on the ground that plaintiffs' unilateral mistake concerning the extent of coverage was induced by defendant's inequitable conduct in omitting certain underground mining equipment values from the schedule of values submitted to the brokers, where, the standard being fraud (*supra*, at 573), there is no evidence that defendant intentionally attempted to mislead plaintiffs by such omissions or that the error was the product of recklessness. We also note that none of the underwriters testified that they relied upon the schedule of values in deciding to issue the policies in question. We have reviewed plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.